**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY WAYNE JOHNSON, | No. 08-16737 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-01002-GEB-GGH |
| v. | |
| DAVID L. RUNNELS; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted June 14, 2010[**]
San Francisco, California

Before: RYMER and FISHER, Circuit Judges, and PALLMEYER, District
Judge.[***]

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Rebecca R. Pallmeyer, United States District Judge for
the Northern District of Illinois, sitting by designation.

Jerry Wayne Johnson appeals the district court's denial of his habeas corpus petition for an alleged violation of *Faretta v. California*, 422 U.S. 806 (1975). We affirm.

The California Court of Appeal's decision was not contrary to Supreme Court precedent. First, the state court correctly identified the governing rule of law, stating that a timely motion for self-representation must be granted. Second, the facts of Johnson's case are materially distinguishable from those in *Faretta* because "there was no suggestion in *Faretta* that the defendant's request was made for the purpose of delaying the trial." *Hirschfield v. Payne*, 420 F.3d 922, 926 (9th Cir. 2005).

The state court did not unreasonably apply Supreme Court precedent. *See id.* ("The requirement imposed by the [California] courts that the request not be for the purpose of delay is virtually identical to that imposed by this court, and we therefore cannot call it objectively unreasonable."). Our decision in *Moore v. Calderon*, 108 F.3d 261, 264 (9th Cir. 1997), upon which Johnson relies, is distinguishable because in that case "the trial court made no finding that [petitioner's] request was a tactic for delay."

The state court's conclusion that Johnson brought his self-representation motion for purposes of delay is not "based on an unreasonable determination of the

2

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Johnson made the motion only a week before trial, even though his case had been pending for more than a year. He offered no meaningful explanation for wanting to represent himself; nor did he explain why he had not brought the motion earlier. He sought not only a continuance of the trial but also permission to hire an investigator. The trial had been continued several times previously, including one four-month delay that arose when, on the day of the scheduled trial, Johnson's lawyer had questioned Johnson's mental competence.

Finally, Johnson's contention that the state court failed to seriously consider his self-representation motion does not establish a basis for relief. Johnson relies on state, rather than federal, law in challenging the scope of the inquiry conducted by the trial court in response to his motion. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). He points to no clearly established federal law requiring that the trial judge make an inquiry more searching than the one conducted in this case.

**AFFIRMED.**